IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya

Civil Action No. 08-cv-01469-MSK-KMT

MSD ENERGY, INC. and
STEPHEN SMITH, INC.,

    Plaintiffs,

v.

RICHARD J. GOGNAT; TIMOTHY A. GOGNAT;
ROY KNAPPE, JR.; and GLOBAL GEODATA, LLC,

    Defendants.

___

## PROTECTIVE ORDER
___

**Definitions, Terms and Intent:**

    1.    As used herein, the following words shall have the following meanings:
        a.    this "action" means the above captioned civil action pending in this Court;
        b.    "Court" means this Court in which the above captioned civil action is pending;
        c.    "Confidential" means competitively sensitive material (including technical, scientific, business, or financial information), or any trade secret or other confidential research, development, or commercial information -- as such terms relate to the protections provided by Fed. R. Civ. P. 26(c)(7), or indicates that the material of a protected person is such that (if it was disclosed to business competitors) the disclosure could materially affect the protected person's business, commercial or financial interests;
        d.    "disclosed" means shown, divulged, revealed, produced, described or transmitted, in whole or in part (and includes variants of the word);
        e.    "discovery" means discovery in this action;
        f.    "material" means documents, or any other form of information, submitted by any protected person;

g. "non-party" means any natural person, partnership, corporation, association, or other legal entity not named in the above captioned civil action pending in this Court;

h. "outside counsel" means the attorneys specifically listed on this Order as well as:
 (1) other attorneys or consultants employed or retained by any law firms listed on this Order; or
 (2) any attorney subsequently retained or designated by a party to appear in this action;
 PROVIDED that any such attorney or consultant is not involved in the business operations of a party;

i. "party" or "parties" means any litigant in this action but, regardless, extends to Timothy A. Gognat, Richard J. Gognat, Roy Knappe Jr., Global Geodata, LLC, MSD Energy, Inc., and Stephen Smith, Inc.; and

j. "protected person" means any party or non-party that furnishes or has furnished any material designated as confidential to any party in connection with this action.

2. It is the intent of this Protective Order that all disclosures and other uses of Confidential material shall be solely for the purposes of the preparation, hearing, trial, and any appeal of this action, and for no other purpose whatsoever.

**Types of Material That May Be Designated as Confidential:**

3. Any party or protected person may designate as Confidential any material (or portion of any material), including but not limited to any document, formal or informal response to a discovery request, or testimony (or portion of testimony). Such designation constitutes a representation to the Court of counsel's good faith belief that the material so designated is in fact Confidential material, as defined in this Order. Blanket designations of depositions and documents are not permissible unless there is a good faith basis for asserting that an entire deposition or document, is in fact, Confidential.

**Designation of Material as Confidential**:

4. A party or other protected person designating material as Confidential shall affix to the cover page (or cover letter) of the document containing such material the legend "CONFIDENTIAL," and shall provide a specification of the portions of the document containing the Confidential information, unless the entire document is designated as Confidential. The legends must not interfere with the legibility of any such document.

5. Where Confidential material is in a form other than a document, or where it is not practical to affix a legend of "CONFIDENTIAL" to each page, a party or protected person designating the material as Confidential shall specify in writing the information that is Confidential at the time that such material is supplied.

6. A party, protected person, or deponent may, on the record of a deposition, designate portions of a deposition or exhibits used therein as Confidential pursuant to the criteria set forth in this Order. Additionally, within 20 days of the receipt of a deposition transcript, a party, protected person, or deponent may designate, by page and line, portions of the transcript or exhibits thereto as Confidential and, until such time, all parties shall treat the transcript and exhibits of any deposition (in their entirety) as Confidential material. If, by the end of the 20-day period, a party, protected person, or deponent has designated any transcript portion or exhibits as Confidential, then thereafter such transcript portions or exhibits shall be disclosed only in accordance with this Order. If no part of a deposition or exhibits used therein is designated as Confidential at the end of the 20-day period, then none of the transcript or exhibits shall be treated as Confidential.

7. Inadvertent production of, or failure to designate, any material as Confidential material shall not be deemed a waiver of the producing party's or protected person's claim of confidentiality as to such information, and the producing party or protected person may thereafter designate such information as Confidential material as appropriate.

8. Material previously disclosed by a party or protected person without a designation as Confidential may later be redesignated as Confidential material by providing specific written notice of the same to all parties. A party who received such material prior to its redesignation as Confidential material shall not be liable for any use or disclosure of the material that was inconsistent with this Protective Order prior to the material's redesignation as Confidential material; but shall immediately disclose to the designating party the name(s) and address(es) of anyone to whom the material was previously disclosed, and shall immediately treat the material appropriately thereafter pursuant to the terms of this Protective Order. Additionally, the party receiving such previously undesignated Confidential material shall make a reasonable good faith effort to ensure that any analyses, memoranda or notes that were generated based upon such previously undesignated material shall immediately be treated in conformity with the redesignation of the material as Confidential material.

**Permissible Uses of Confidential Material:**

9. Material designated as Confidential pursuant to this Order may only be used for purposes of this action, including any appeal of the Court's ruling, and any

subsequent proceedings relating to the transactions, occurrences and events necessarily implicated in this action. Material designated as Confidential pursuant to this Order may be disclosed only to:

   a.  the Court and all Court personnel involved with in this action, and court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;
   b.  outside counsel working as an attorney for any party or protected person in connection with this action and the employees of such outside counsel, provided that they are not presently, and have no present plans to become, employees of any party;
   c.  persons retained to assist counsel for any party for the purpose of this action (including expert witnesses) and employees of such persons, provided that such persons and their employees are not presently, and have no present plans to become, employees of any party;
   d.  employees of or counsel for the protected person benefiting from the designation of such materials as Confidential;
   e.  original authors, original addressees, or original copyees of a document designated as Confidential;
   f.  any party;
   g.  any employee of any party who has executed an Acknowledgment in the formed attached hereto as Exhibit A, and agreed to be bound by this Order;
   h.  persons with prior knowledge of the Confidential material, and from whom verification of that prior knowledge has been obtained prior to disclosure to the person of the Confidential material, subject to the terms of paragraph 10 of this Protective Order; and
   i.  any other person including any party who may testify as a witness, either at a deposition or court proceeding in this action, for the purpose of assisting in the preparation or examination of the witness, subject to the terms of paragraph 10 of this Protective Order.

**Additional Obligations Regarding Protected Material:**

10. Any party or any counsel for any party proposing to disclose Confidential material to any person (including disclosure to any deponent, and disclosures pursuant to Paragraph 9 herein), shall provide written notice -- at least 10 days in advance of any such disclosure -- to the counsel for the designating party or protected person stating the name(s) and address(es) of the person(s) to whom the disclosure will be made, identifying with particularity the material to be disclosed and stating the purpose of the disclosure, except that such notification is not necessary if the disclosure is to be made to:

a. the Court and all Court personnel involved with in this action, and court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;
b. outside counsel working as an attorney for any party or protected person in connection with this action and the employees of such outside counsel, provided that they are not presently, and have no present plans to become, employees of any party;
c. persons retained to assist counsel for any party for the purpose of this action (including expert witnesses) and employees of such persons, provided that such persons and their employees are not presently, and have no present plans to become, employees of any party;
d. employees of or counsel for the protected person benefiting from the designation of such materials as Confidential material;
e. original authors, original addressees, or original copyees of a document designated as Confidential material;
f. any party; or
g. any employee of any party who has executed an Acknowledgment in the formed attached hereto as Exhibit A, and agreed to be bound by this Order.

If within 5 days after the receipt of such notice, an objection is made, the party seeking to disclose the material may seek relief from this Order from the Court regarding that intended disclosure. In such instances, the material shall not be disclosed unless and until the Court has granted a motion to allow the particular disclosure. Relief granted pursuant to such a motion does not otherwise modify or relax the provisions and terms of this Protective Order. The failure of counsel for a party or protected person designating the material as Confidential to object to the use of the material in connection with a particular witness shall not constitute a waiver with respect to other witnesses.

11. <u>Prior to receipt of Confidential material, each and every person to whom Confidential material is disclosed</u> (regardless of whether prior notice of the disclosure is required), other than employees of the protected person benefiting from the designation of the material as Confidential, <u>shall execute an Acknowledgment in the formed attached hereto as Exhibit A, and shall agree to be bound by this Order</u>. A copy of the executed Acknowledgment shall be provided to all parties prior to any such disclosure (or, if not otherwise possible, as immediately thereafter as possible), and the original of each such executed Acknowledgment shall be retained by the counsel disclosing Confidential material to such persons for a period of one year following the final resolution of this action.

12. All persons possessing material designated as Confidential pursuant to this Order are obligated to only use the material for the lawful purposes of this action, and to treat the material in conformity with the terms of this Protective Order.

**<u>Filing Under Seal</u>:**

13. In the event that any Confidential material is contained in any pleading, motion, exhibit, or other paper (collectively "papers") filed or to be filed with the Court, the material shall be filed under seal. Where possible, only confidential portions of filings with the Court shall be filed under seal. ***In accordance with the general practice of the Court, a motion to seal shall be filed as necessary prior to the time that the material is filed under seal.***

14. For the purposes of timeliness, the filing and service of material under seal shall be effective upon deposit in the U.S. mail postage prepaid, or upon electronic filing pursuant to applicable CM/ECF procedures that maintain the information as sealed, so long as any portion of the filing not required to be filed under seal has been timely filed pursuant to the general provisions for filing. ***<u>The most recent Court dictates governing filing under seal shall prevail</u>***.

15. At the time of filing any papers under seal, the filing shall be accomplished by means of electronic filing pursuant to applicable CM/ECF procedures that maintain the information as sealed; or, in the alternative, the Clerk of the Court shall be so informed by the party filing such papers, and the Clerk shall keep such papers under seal until further order of the Court; provided, however, that copies of the papers filed with the Court under seal shall be furnished to the other parties to the action. If required by the rules of the Court, as soon as possible after the filing of any paper containing Confidential material (and to the extent possible), the filing party shall file on the public record a duplicate copy of the paper with the Confidential material deleted.

16. If the filing of papers under seal is accomplished by any means other than by electronic filing pursuant to applicable CM/ECF procedures that maintain the information as sealed, the original (and a copy of the original for the use of the Court) of material filed under seal shall be placed in sealed envelopes on which shall be endorsed the title to the action, the words "FILED UNDER SEAL," and a statement substantially in the following form:

> This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court.

Any envelope containing material filed under seal that is an exhibit to a pleading shall also bear the name of the pleading.

17. The envelope containing protected material filed with the Court shall not be opened without further order of the Court except by persons authorized to have access to such material pursuant to the terms of this Protective Order, which person(s) shall only have usual and customary access according to the rules of the Court and the terms of this Protective Order, and shall not remove the material from the Court. Where documents filed under seal are transmitted between the parties, the above message shall be placed on the facsimile cover sheet or (if otherwise transmitted) on a sheet directly preceding the Confidential material.

18. Papers and other materials served on a party, but not required to be filed with the Court, must not be filed with the Court in any fashion unless necessary to support a later filing.

**Use of Protected Material at any Trial, Hearing, Deposition or Similar Proceeding:**

19. The parties shall confer and attempt to agree before any deposition, and before trial or an evidentiary hearing, or any similar proceeding, on the procedures under which Confidential material may be introduced into evidence or otherwise used during such proceedings. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential material that may be used or introduced at such proceedings. With respect to any proceeding to take place before the Court (such as trial or an evidentiary hearing), upon reaching agreement the parties also shall promptly give notice of the terms of such agreement to the Court. The Court will modify any such agreement when appropriate to do so.

20. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential material at any such proceedings upon reasonable notice to all parties and non-parties who have produced such material. The parties shall provide non-parties with notice of potential use at trial of any Confidential material produced by them if and when such material is listed as a potential exhibit or exhibits in the required filings prior to the commencement of trial. The parties shall give notice as soon as practicable after Confidential material that is not listed on the exhibit list is identified as probably necessary for use by counsel for a party in the course of examination or cross-examination at trial.

**Challenges to the Designation of Material as Confidential:**

21. This Protective Order shall be without prejudice to the right of any party to bring before the Court the question of whether any particular material is or is not

Confidential pursuant to this Order, provided that the party has complied with the procedures set forth herein. No party concedes by entering into this stipulated Protective Order that any material designated by any party or protected person as Confidential does in fact contain or reflect trade secrets or other confidential research, development or commercial information, as those terms are used in Fed. R. Civ. P. 26(c)(7), or that disclosure of any material designated as Confidential would materially affect such party's or protected person's business, financial or commercial interests if disclosed to business competitors. In the event that a party believes that another party or protected person has designated material as Confidential that is not entitled to such protection, the parties and any affected protected person shall discuss this contention and attempt to resolve the disagreement over the classification of the material. If the parties and protected person cannot resolve the matter, then within 10 (ten) days from written or electronic notice by any party or protected person to the other parties that the matter cannot be resolved, it will be submitted to the Court for resolution by the party or protected person designating the material as Confidential. In the case of material provided by a non-party, the party that contests the confidentiality designation shall provide reasonable notice to the non-party that the matter has been referred to the Court. In the event that a confidentiality designation by a party is contested, the party designating the material shall have the burden of showing that the material is entitled to protection.

22. The parties hereto reserve all rights to apply to the Court for any order:

   a. modifying this Order; or
   b. seeking further protection against discovery or other use of Confidential material or information, documents, transcripts, or other material reflecting claimed Confidential material.

23. Any protected person requiring further confidentiality protection may petition the Court for a separate order governing disclosure of its confidential information.

**Miscellaneous:**

24. The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party.

25. This Order shall not apply to information already in the public domain or obtained from other sources not in violation of this Order -- regardless of whether such information is also contained in materials designated as Confidential pursuant to this Order.

26. Nothing in this Order shall prevent disclosure of Confidential material that is disclosed with the consent of counsel for the protected person benefiting from the designation of the material as Confidential.

27. This Order shall not affect the right of any party or protected person to oppose production of Confidential material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege.  Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

28. Nothing in this Order shall prejudice the right of any party or protected person to move the Court to broaden or restrict the rights of access to and use of particular Confidential material, or to seek modifications of this Order upon due notice to all other parties and affected protected persons.

29. All persons governed by this Order, by reviewing Confidential material, or by seeking the protections of this Order for Confidential material, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Order, or for any action for contempt for violation of the terms of this Order.

**Procedures Upon Termination of Action:**

30. Within 30 days after the final resolution of this action (including the exhaustion or waiver of any right to appellate review), each party in possession of Confidential materials, and any person to whom disclosure of such materials has been made pursuant to the provisions of this Order, shall return the originals and all copies of such materials (along with all analyses, memoranda or notes that were generated based upon such material) to the party or protected person that designated the material or, alternatively, shall confirm in writing to the party or protected person that all these items have been destroyed.

DATED this 25th day of September, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
_____
U.S. District Court Judge

**APPROVED by the undersigned and respectfully submitted to the Court for consideration:**

Dated this _23rd_ day of September, 2008.


s/ *Chris L. Ingold*

_____
Brad R. Irwin
Chris L. Ingold
IRWIN & BOESEN, P.C.
501 So. Cherry St., Suite 500
Denver, CO  80246
Telephone:  (303) 320-1911
FAX:  (303) 320-1915
E-mail:  cingold@irwin-boesen.com

J. Duncan Pitchford
C. Thomas Miller
WHITLOW, ROBERTS, HOUSTON & STRAUB, PLLC
300 Broadway
Post Office Box 995
Paducah, KY  42002
Telephone:  (270) 443-4516
FAX:  (270) 443-4571
E-mail:  tmiller@whitlow-law.com

Attorneys for Timothy A. Gognat, Richard J. Gognat, Roy Knappe Jr., and Global Geodata, LLC